**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Romane Porter,

                    Plaintiff,       Case No. 16-14499

v.                               Judith E. Levy
                                   United States District Judge

Liberty Insurance Corporation,

                                 Mag. Judge Mona K. Majzoub

                  Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO**
**VOLUNTARILY DISMISS THE CASE [31]**

This is a breach of contract case. On November 30, 2016, plaintiff Romane Porter filed a complaint in state court, alleging that he suffered a fire loss at his residence on March 10, 2016, which was the property covered by his insurance policy with defendant Liberty Insurance Corp. (Dkt. 1-1 at 5.) He claims that despite his performance, Liberty refused to cover his losses according to the policy. (*Id.*) He alleges breach of contract, appointment of umpire, and violations of the Michigan Uniform Trade Practices Act, Mich. Comp. Laws § 500.2006. (*Id.* at 5–7.)

On December 29, 2016, Liberty removed this case to federal court. (Dkt. 1.) It raises counterclaims for declaratory judgment and unjust enrichment, alleging that it made payments, but stopped after its investigation revealed that Porter committed arson and intentionally concealed and misrepresented facts when he made his insurance claim. (Dkt. 3 at 12–17.)

Now, this case is as much one about arbitration and polygraphs as it is about a breach of contract. On October 26, 2017, the parties agreed to stay the case pending the outcome of binding arbitration. (Dkt. 10) A month later, the parties entered into an arbitration agreement that also stated Porter would submit to a polygraph examination. (Dkt. 11; Dkt. 33-1.) But in May 2018, neither the arbitration nor the polygraph was completed, and so the parties stipulated to another stay until November 1, 2018. (Dkt. 13.) After Porter obtained new counsel (Dkts. 14 – 18; 23), the Court set the arbitration date for April 23, 2019. (Dkt. 22.) Now, Porter proceeds pro se. (Dkts. 25–31.)

On February 28, 2019, Porter filed a letter with the Court. (Dkt. 31.) The Court construed the letter as a motion for voluntary dismissal

under Federal Rule of Civil Procedure 41(a)(2).[1] (Dkt. 32.) In the letter,

he asked that the case be stayed or dismissed without prejudice so that

he could refile his case later because he lacks the funds to continue the

litigation.[2] (Dkt. 31.) The Court ordered Liberty to respond to the motion

(Dkt. 32), and it has. (Dkt. 33.)

After an answer has been filed, Federal Rule of Civil Procedure

41(a)(2) allows district courts to dismiss an action without prejudice at a

plaintiff's request "on terms that the court considers proper." Fed. R. Civ.

P. 41(a)(2). Notably, "the purpose of Rule 41(a)(2) is to protect the

nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v.*

*Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009)

---

[1] Due to the pendency of this motion, the Court canceled the arbitration on March 20, 2019.

[2] Porter also states in his letter that he is illegally incarcerated or kidnapped and that he cannot access his money because he has been kidnapped, and he attaches affidavits in support of these assertions. (Dkt. 31 at 1, 6–18.) He also requests that the Court fire his most recent counsel because counsel did not undertake any investigation of his case. (*Id.* at 1–2.) This case is about the insurance policy between the parties, and so the Court cannot address Porter's imprisonment claims because he did not plead those facts in his complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) Plaintiff notes that he has filed a petition for the writ of habeas corpus (*id.* at 19), which is a more appropriate channel for him to raise these claims. Finally, the Court cannot fire counsel for Porter, but because counsel has withdrawn, the issue is moot.

(quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Specifically, courts consider whether the nonmoving party will suffer "plain legal prejudice," which is not "[t]he mere prospect of a second lawsuit." *Id.* at 953–54 (same). "[T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant" are factors courts consider to determine whether the nonmoving party will suffer plain legal prejudice. *Id.* at 953 (same). Loss of an absolute defense, *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500, 502 (6th Cir. 1994), and "dismissal '[a]t the point when the law clearly dictates a result for the defendant,'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 477 (6th Cir. 2014) (emphasis in original) (quoting *Grover*, F.3d at 718), are instances of plain legal prejudice. But the moving party gaining a tactical advantage, such as the ability to file in a different court, is not. *Rosenthal*, 217 F. App'x at 502 (citing cases).

Liberty has put forward expense and effort. At this stage in the litigation, the effort has been to move the case to arbitration; there has been no discovery, nor dispositive motions filed. The only cost to the parties has been the negotiation of the arbitration agreement, the scheduling of the arbitration, and the scheduling in this Court related to filing stipulated stays. These are relatively low costs in the scheme of litigation. Moreover, these were in part Liberty's strategic efforts to quickly resolve the claims against it through arbitration, and so it cannot be prejudiced by the effort exerted. Finally, this case has been pending for less than three years. *Cf. Grover*, 33 F.3d at 718–19 (finding five years of litigation indicated plain legal prejudice through effort and cost); *see also Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 621 (6th Cir. 1999) (finding the district court did not abuse its direction when it denied the plaintiff's motion for voluntary dismissal where the case had been litigated for ten years).

This is also not a case of excessive delay and lack of diligence. As to the delays, Liberty stipulated to each stay in this case. There is also no indication that Porter has not been diligent. His desire to seek new counsel, which ultimately led to his decision to proceed pro se, does not

in itself show undue delay or a lack of diligence at this point. Porter is also incarcerated, which necessarily brings some delays that are unique to this case, but these could not be avoided.

The Court is also satisfied that Porter's reason for withdrawing his case is sufficient. He asserts that he is running out of money to prosecute his case, and now that he is without counsel while imprisoned, he will face even more obstacles that would dissuade many reasonable plaintiffs from continuing with a civil case that is unrelated to his criminal conviction.

In response, Liberty points to Porter's allegedly suspect motive in filing this motion, i.e. that he seeks to avoid arbitration and the accompanying polygraph test that he agreed to. (*Id.* at 8–9.) It is true that Porter also asserts that he was coerced into the arbitration agreement in his motion, but he does not ask the Court to void the agreement. (Dkt. 31 at 1.) But more importantly, his motivation is irrelevant because there is no reason to think that this dismissal will have a legal impact on the validity of the arbitration agreement or the parties' respective positions if they were to dispute the validity of the agreement. Indeed, Liberty provides no explanation why Porter could

6

avoid the agreement based on the Court's dismissal. And even if the dismissal would somehow lend Porter a tactical advantage, it would still not amount to plain legal prejudice. *Rosenthal*, 217 F. App'x at 502.

Importantly, Liberty does not state that it loses an absolute defense or that the law clearly dictates a decision in its favor. The reasons defendant proffers simply do not rise to those levels of significant prejudice. Defendant has suffered annoyance and some inconvenience, but there is no indication of plain legal prejudice based on effort, expense, delay, Porter's lack of diligence, Porter's explanation, or the stage of this litigation.

The Court also declines to impose specific terms on this dismissal. Fed. R. Civ. P. 41(a)(2); *see also Bridgeport Music*, 583 F.3d at 954 (stating that courts may grant dismissals with conditions to mitigate any prejudice). Liberty argues that if the Court dismisses the action without prejudice, it should state that the action will still be subject to the arbitration agreement. (Dkt. 33 at 8–9.) As discussed above, the parties will be bound by the contract if it is a valid contract—nothing about this dismissal will have an impact on the arbitration agreement's legality. And to the extent that Liberty asks the Court to state that the arbitration

agreement is valid, it asks the Court to rule on a dispositive issue that is not properly before it.

Finally, the Court also dismisses Liberty's counterclaim because it cannot remain pending without Porter's claim (Dkt. 33 at 3 n.2). Fed. R. Civ. P. 41(a)(2).

Accordingly, Porter's motion to voluntarily dismiss the action (Dkt. 31) is **GRANTED**. Porter's case is **DISMISSED WITHOUT PREJUDICE**, and Liberty's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: March 29, 2019          s/Judith E. Levy
      Ann Arbor, Michigan         JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2019.

                                s/Shawna Burns
                                SHAWNA BURNS
                                Case Manager